# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| THE NOLEN CO., INC., ) <br> a Domestic Corporation, and ) <br> AMERICAN EMPIRE SURPLUS ) <br> LINES INSURANCE CO. ) <br> a Foreign Corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> AUTO-OWNERS INSURANCE ) <br> COMPANY, ) <br> a Foreign Corporation ) <br> ) <br> Defendant. ) | CIVIL ACTION NO.: <br> CV- |

## COMPLAINT FOR DECLARATORY JUDGMENT

Come now The Nolen Co., Inc. ("Nolen") and American Empire Surplus Lines Insurance Co. ("American Empire"), and bring this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and against Auto-Owners Insurance Company ("Auto-Owners"). As grounds for this action, Plaintiffs rely on the Brief in Support of their Complaint for Declaratory Judgment, attached hereto as "Exhibit A," as well as other attached exhibits, and statements of fact and law as follows:

### THE PARTIES

1. This declaratory judgment action arises out of claims made by an

underlying claimant, Jama Brown. The underlying claimants' allegations arise out of a slip and fall accident, occurring on or about August 16, 2005 in Gadsden, Alabama. Nolen is an insured under a policy issued by American Empire, who is currently defending the underlying lawsuit. Plaintiffs assert that Nolen is an additional insured under a policy of insurance issued by Auto Owners to the lessee of the premises upon which the alleged underlying slip and fall accident occurred.

2. Nolen is a business entity organized and existing under the laws of Alabama, with its principal place of business in Oxford, Alabama.

3. American Empire is a business entity organized and existing under the laws of Delaware, with its principal place of business in Cincinnati, Ohio.

4. Auto Owners is a business entity organized and existing under the laws of Michigan, with its principal place of business in Lansing, Michigan.

**UNDERLYING JURISDICTION**

5. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Nolen, American Empire and Auto-Owners are incorporated in different states, have their primary place of business in different state, and the amount in controversy exceeds the jurisdictional amount of $75,000.00. (Underlying Compl. *Ad damnum* clause, attached hereto as "Exhibit B")(Am. Interrogatory Resp., attached hereto as "Exhibit C").

6. Venue is proper in the United States District Court for the Middle District of Alabama under 28 U.S.C. §1391(a)(2) because the insured property is located in this venue, and because the insurance contract made subject to this suit was issued in this venue.

7. Plaintiffs bring this action pursuant to each of these statutory provisions and Fed.R.Civ.P. 57, seeking a determination of its rights under the policy issued by Auto-Owners in connection with the underlying claim.  Specifically, Plaintiffs seek a determination that Nolen is an "additional insured" under the policy of insurance issued by Auto-Owners, and that Auto-Owners is obligated to defend and indemnify Nolen for the allegations or judgments in the underlying action.

## FACTUAL ALLEGATIONS

8. On July 26, 2004, a representative for Nolen approved and consented to a sublease of premises located at 1016 Ewing Avenue, to Latif Shabani.  As part of the lease agreement, Shabani agreed to maintain liability insurance for the premises "in keeping with the Main Lease." (*See* Sublease  p. 3, attached hereto as "Exhibit D").  The Main Lease requires that the lessee maintain liability insurance with limits of at least $500,000 per person and $1,000,000 per occurrence.  (See Lease § 16, attached hereto as "Exhibit E").

9. The Lease also requires:

> Lessee shall maintain the interior of the Demised Premises, including but not limited to the bathroom facilities, shrubbery, the ice machine, trash dumpster, windshield washing fluid and squeezes [sic], and all fixtures and equipment in good, sound neat and attractive condition. Lessee will maintain all car wash buildings, equipment, driveway and supplies. [Previous sentence is a handwritten addendum, initialed.]

(*See* Lease § 5).

10. On August 15, 2007, underlying claimant Jama Brown filed suit against, *inter alia*, Nolen, Latif Shabani ("Shabani"), and One Stop Food Mart for injuries arising from an August 16, 2005 slip and fall on the subject premises. (*See* Underlying Compl.). In her Complaint, the claimant avers that "on or before the date in question, an ice storage freezer owned or operated by one or all of the Defendants was caused to leak and puddle on the ground and to form a slippery scum or sheen on its top, which caused the [Ms. Brown] to fall." (Underlying Compl. ¶ 18). As a result of this accident, the underlying claimant seeks damages for bodily injury as a result of that fall jointly against, *inter alia*, Nolen and Shabani.

11. As part of the discovery process in the underlying matter, Shabani produced the subject policy of insurance to Plaintiffs. (*See* Auto-Owners Policy, attached in relevant part hereto as "Exhibit F"). According to the policy, Auto-Owners issued a Commercial General Liability insurance policy, number 044617-38947332 to "Lafit" Shabani d/b/a One Stop Food Mart for the policy period from

February 21, 2005 until February 21, 2006 for the premises located at 1016 Ewing Avenue. (*See* Auto-Owners Policy). This policy contains the following pertinent provisions:

I. **SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY LIABILITY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured shall become legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . .

   b. This insurance applies to "bodily injury" and "property damage" only if:

   (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

   (2) The "bodily injury" or "property damage" occurs during the policy period.

   \* \* \*

**SECTION II - WHO IS AN INSURED**

1. If you are designated in the Declarations as: []

   c. An organization other than a partnership or joint venture, you are insured. . .

**SECTION IV - DEFINITIONS:**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death at any time resulting from any of these at any one time.

4. "Coverage Territory" means:

    a.    The United States of America . . .

5. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*   *   *

12.    This insurance policy is subject to certain endorsements which modify the policy, including the "Contractual Coverage Amendatory Endorsement," which provides that the following damages are excluded from coverage:

    b.    "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

        (1)    Assumed in a contract or agreement that is an "insured contract". However, if the insurance under this policy does not apply to the liability of the insured, it also does not apply to such liability assumed by the insured under the "insured contract".

        (2)    That the insured would have in the absence of the

contract or agreement.

All other terms or conditions of the policy apply.
(Contractual Coverage Amendatory Endorsement, attached hereto as "Exhibit G").

The policy definition of "insured contract" includes both a "lease of premises" and an "indemnity agreement."  (*See* Auto-Owners Policy § IV).

13.     Shabani also produced the "Additional Insured Mortgagee, Assignee, or Receiver" Endorsement, naming the Nolen Company as an additional insured under a policy of insurance for premises located at 1016 Ewing Avenue in connection with the leasing of the premises.  (*See* Additional Insured Endorsement, attached hereto as "Exhibit H").

## CLAIMS FOR RELIEF

14.     A dispute has arisen between Nolen, American Empire and Auto-Owners as to whether liability coverage for Nolen as an additional insured exists under the policy issued by Auto-Owners, which would require Auto-Owners to assume the defense of Nolen and to pay any judgments rendered against Nolen in the underlying action.  Plaintiffs aver that the foregoing provisions contained in the policy and the lease contract establish that Nolen is an additional insured under the subject policy.

15.     Plaintiffs respectfully request that this Honorable Court take jurisdiction of this case and enter an order declaring that Auto-Owners has a duty to defend and

indemnify Nolen in the underlying case.

                                  Respectfully Submitted,

                                  /s/ Kristi A. Driskill
                                  Brett A. Ross (ASB-6771-O-76-B)
                                  Kristi A. Driskill (ASB-4099-I-57-P)
                                  Attorneys for Plaintiffs

**OF COUNSEL:**
CARR ALLISON
100 Vestavia Parkway
Birmingham, AL    35216
(205) 822-2006

                **DEFENDANT TO BE SERVED BY CERTIFIED MAIL**:

Auto-Owners Insurance Company
c/o Sandra McCullough
5915 Carmichael Road
Montgomery, AL 36117-2518